IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARION-ROBERT,

                         Plaintiff,

  v.                                                           OPINION and ORDER

DAREL HALL,                                         22-cv-657-jdp

                       Defendant.

---

Pro se plaintiff Marion-Robert alleges that defendant Darel Hall, an animal control officer for the town of Hudson, Wisconsin, trespassed on private property without a warrant. Marion-Robert is suing for damages stemming from this incident and the events that followed. Hall moves to dismiss the case under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Dkt. 4. For the reasons that follow, I will grant Hall's motion and dismiss Marion-Robert's complaint without prejudice. I will give Marion-Robert a short time to file an amended complaint that addresses the problems identified in this order.

ANALYSIS

Hall contends that Marion-Robert has not alleged facts to show that the court has jurisdiction over this lawsuit. Usually, a plaintiff satisfies jurisdiction by alleging facts to show that either federal question or diversity jurisdiction exists. 28. U.S.C. §§ 1331–32. Federal question jurisdiction exists when the claims arise under federal law. 28. U.S.C. § 1331. Hall contends that Marion-Robert's complaint does not present a federal claim because the federal criminal statutes that Marion-Robert identifies do not provide a private cause of action. But

pro se plaintiffs are generally not required to plead legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). A plaintiff does not need to expressly invoke a particular law or constitutional provision if his "complaint shows that a federal question actually is involved or relied upon." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 556 (7th Cir. 2021) (quoting Wright & Miller, *Federal Practice and Procedure* § 1209). Marion-Robert's allegation that Hall, an animal control officer, came onto private property without a warrant suggests that Marion-Robert means to bring a claim under Fourth Amendment, which protects the right to be free from unreasonable searches and seizures. Marion-Robert also states that he wishes to bring a claim under 42 U.S.C. § 1983 (among other statutes), which is the statute that allows plaintiffs to sue for violations of federal civil rights. Construing Marion-Robert's pro se complaint generously, Marion-Robert's allegations could implicate a federal constitutional claim under the Fourth Amendment. Because a Fourth Amendment claim would provide a basis for jurisdiction, I need not consider Marion-Robert's argument that he has established diversity jurisdiction at this time.

Hall also contends that Marion-Robert has failed to state a claim for relief. Federal Rule of Civil Procedure 8 requires a plaintiff to allege enough facts to support a claim under federal or state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A complaint must contain enough detail to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*.

Marion-Robert's complaint does not meet this standard. Marion-Robert alleges that Hall trespassed on private property, made threats and "slanderous accusations," and that later the town of Hudson "prosecuted a 'forfeiture' for private property." Dkt. 1 at 1–3. It is reasonable to infer that the property Hall trespassed on is Marion-Robert's. But even if the

court so assumes, the complaint does not have enough factual detail to allow the court to infer that Hall is liable for a claim under the Fourth Amendment. "Not all trespasses by law enforcement are violations of the Fourth Amendment." *United States v. Sweeney*, 821 F.3d 893, 900 (7th Cir. 2016). Whether a trespass violates the Fourth Amendment depends on several factors, including the nature of the property and whether the officer meant to conduct a "search" on the property by gathering evidence or information. *See Florida v. Jardines*, 569 U.S. 1, 10 (2013). Marion-Robert does not allege facts about the property Hall trespassed on or the reason for Hall's trespass. And Marion-Robert does not explain what property was seized after the intrusion, if any.

As for Marion-Robert's other allegations about Hall's threats and false statements, those allegations could implicate state-law theories of relief such as defamation. The court could exercise supplemental jurisdiction over those claims if they are related to his Fourth Amendment claim. But Marion-Robert's allegations about these issues are too conclusory to state claims for relief. Without more information about what Hall said and why he said it, I cannot infer that Hall is liable for any of Marion-Robert's claims.

A court should ordinarily grant a plaintiff leave to amend after granting a motion to dismiss for failure to state a claim. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). So I will allow Marion-Robert to file an amended complaint addressing the issues identified in this opinion. If Marion-Robert files an amended complaint, he should state clearly what happened, when it happened, and what role Hall played in the events. I warn Marion-Robert, however, that claims based on "sovereign citizen" arguments are frivolous and without merit. *See Bey v. State of Indiana*, 847 F.3d 559, 559-60 (7th Cir. 2017). Marion-Robert does not expressly base his claims on those theories. But Marion-Robert uses some sovereign citizen-

style language in his complaint, stating that the town of Hudson is a "corporate fiction" and that Marion-Robert has "no contract" with Hudson or Hall that could create a forfeiture debt. If it is clear from Marion-Robert's amended complaint that his claims are based on sovereign citizen theories, I will summarily dismiss his case as frivolous.

ORDER

IT IS ORDERED that:

1. Plaintiff Marion-Robert's complaint, Dkt. 1, is DISMISSED without prejudice.

2. Marion-Robert may have until June 8, 2023, to submit an amended complaint that addresses the problems identified in this opinion. If Marion-Robert does not submit an amended complaint by that deadline, I will dismiss his case with prejudice.

Entered May 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge