IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARION-ROBERT,

                        Plaintiff,

v.

DAREL HALL,

                        Defendant.

OPINION and ORDER

22-cv-657-jdp

---

Plaintiff Marion-Robert, proceeding without counsel, alleges that defendant Darel Hall, an animal humane officer for the Town of Hudson, violated the Fourth Amendment by entering his property to investigate a dog-bite incident that occurred near the property. Hall moves for summary judgment. Dkt. 24.

The evidence shows that Hall entered the property, drove directly to the house along the driveway, and held a brief conversation with resident Cindy-Lou in front of the house. Hall immediately left the property when the conversation ended, and Cindy-Lou never asked him to leave in the brief time that they spoke. Because Hall's conduct was no more than a private citizen might do, it was not a search under the Fourth Amendment. I also conclude that Hall's conduct did not violate Wisconsin trespass law. I will grant summary judgment to Hall, and I will deny Marion-Robert's motion to deny Hall's motion for summary judgment as unnecessary and moot.

UNDISPUTED FACTS

Before recounting the parties' proposed facts, I note that neither party's submissions comply with the court's procedures for briefing summary judgment motions. *See* attachments

to the court's preliminary pretrial conference order, Dkt. 22, at 2–7. In particular, those rules require the moving party to submit a statement of proposed findings of fact including "all facts necessary to sustain the motion for summary judgment." *Id.* at 3. Hall did not do this, instead submitting a document containing only seven proposed findings of fact as part of a proposed summary judgment order. Dkt. 30. This scant set of facts does not properly explain Hall's account of the relevant events. Marion-Robert responded only with responses to these seven facts, Dkt. 35, and he did not submit his own set of proposed findings adding additional facts needed to oppose Hall's motion, as required by this court's procedures. Attachments to Dkt. 22, at 4. In his reply materials, Hall then failed to include replies to his proposed findings, as required. *Id.* at 5.

I afford unrepresented litigants some leeway in complying with these procedures given their lack of legal training. Defense counsel's failure to follow the procedures is less understandable. Counsel's initial failure to explicitly set forth the facts on which Hall relies in seeking summary judgment makes it difficult to tell what facts the parties deem to be material to this case and which facts they dispute. Instead of relying on the extremely limited facts found in the parties' formal list of proposed findings, I will draw facts from the parties' briefs as well, provided they are supported by admissible evidence. But I will not otherwise sift through the parties' evidence to make their cases for them. *See id.* at 2 ("The court will not search the record for facts or evidence.").

The following facts are undisputed except where noted. On July 22, 2021, a woman was bitten by a dog on a road in front of 840 McCutcheon Road, Town of Hudson, Wisconsin. The 840 McCutcheon Road property was a large parcel that had a house, driveway, and other fixtures and areas. At that time, the property was owned by the Marion R. Shaw Trust, and

2

Marion R. Shaw was the primary trustee. Marion R. Shaw is a previous name of Marion-Robert's. The day the woman was bitten, St. Croix County Sheriff's Deputy Joel Benson went to the property and spoke with resident Cindy-Lou about the incident.

The next day, Hall drove to the property to investigate the dog-bite incident. To reach the house, Hall drove up a long driveway. Hall spoke with Cindy-Lou in front of the house. Cindy-Lou and Hall spoke briefly and she gave him Marion-Robert's phone number, after which Hall left.

Marion-Robert was issued six civil municipal ordinance violations in connection with the dog-bite incident, three for failing to restrain three dogs and three for failing to license them.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

I take a moment to clarify Marion-Robert's claims. The thrust of the amended complaint is that Hall violated the Fourth Amendment by coming onto his property with the intent to gather information about the dog-bite incident and search for dogs. *See* Dkt. 14 at 1–3. But in his response to Hall's motion for summary judgment, Marion-Robert's description of his claims is broader. Marion-Robert raises Fifth and Fourteenth Amendment claims, along with what I take as a freestanding federal trespass claim. *See* Dkt. 36 at 2, 8–9, 14, 19. Marion-Robert didn't raise Fifth or Fourteenth Amendment claims in his amended complaint, so I won't consider those latecoming claims. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

3

Marion-Robert referred to trespass in the amended complaint but, absent limited exceptions inapplicable here, there is no freestanding claim under federal law for trespass. *Cf. Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 286 (1993) (stating that while trespass may serve as a basis for tort liability, it doesn't automatically support constitutional liability); *United States v. Karo*, 468 U.S. 705, 713 (1984) ("[A]n actual trespass is neither necessary nor sufficient to establish a constitutional violation."). I will address a Wisconsin-law trespass claim below.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. As a general rule, the Fourth Amendment requires officers to obtain a search warrant before searching a home and its curtilage, which is the "area immediately surrounding and associated with the home." *United States v. Gutierrez*, 760 F.3d 750, 753 (7th Cir. 2014).

This general warrant requirement has exceptions because the Fourth Amendment prohibits only "unreasonable" intrusions on private property. *See Caniglia v. Strom*, 593 U.S. 194, 198 (2021). As relevant here, an officer who lacks a warrant may still approach a home and knock on the front door to attempt to get information voluntarily from an individual. *See Florida v. Jardines*, 569 U.S. 1, 8 (2013); *Gutierrez*, 760 F.3d at 758. If the individual voluntarily speaks with the officer, the officer's continued presence is reasonable. *See Jardines*, 569 U.S. at 8–9 (noting that an officer's implied permission to knock and talk may be extended by express or implied invitation); *Gutierrez*, 760 F.3d at 758 (the presence of an officer who knocks and talks may be unreasonable if he "linger[s] at the door too long"); *cf. Kentucky v. King*, 563 U.S. 452, 469 (2011) ("When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do.").

4

But an officer may exceed the scope of this implied permission to talk to an individual at the door by searching around the house to find incriminating evidence. *See Jardines*, 569 U.S. at 9; *Gutierrez*, 760 F.3d at 756–57.

In his brief in support of his motion for summary judgment, Hall mostly focuses on issues that are ultimately immaterial to the analysis, such as whether Marion-Robert owned the property (a trust owned the land, but I'd let him amend the caption if it were necessary); whether he owned the dog in question (irrelevant for purpose of the claims here); and whether issue preclusion bars his claims because he didn't raise the trespass in his citation proceedings (it doesn't; there's no indication that the citations Marion-Robert was issued relied on evidence gleaned from Hall's entry onto the property).

The real question is whether Hall conducted an unreasonable search of the property. No reasonable juror could conclude that he did. A woman was bitten by a dog near the property. Pursuant to his duties as an animal humane officer, Hall went to the property to investigate that incident. *See* Wis. Stat. Ann. § 173.07(2) ("A humane officer shall investigate alleged violations of statutes and ordinances relating to animals . . . ."). Hall drove along the driveway to reach the house. Marion-Robert contends that Hall disregarded his no trespass signs, but that's immaterial; neighbors, salespeople, missionaries, canvassers, trick-or-treaters, and others customarily disregard no-trespass signs and walk up to people's doors. Cindy-Lou was already outside the house when she and Hall spoke, but that wouldn't make Hall's presence any less reasonable: walking up to a house and talking to someone standing outside is no more "than any private citizen might do." *See King*, 563 U.S. at 469; *Guitierrez*, 760 F.3d at 757 (noting that an officer may "walk[] up" to the front door). And there is no evidence that her

5

participation in that conversation was involuntary. Hall left the property when the conversation ended. That evidence shows that Hall didn't linger beyond his implied invitation.

Marion-Robert notes that Hall drove onto his property with the intent to investigate the dog-bite incident. But, as I've explained, an officer who lacks a warrant may still approach a home and knock on the front door to attempt to get information voluntarily from an individual. *See Gutierrez*, 760 F.3d at 758; *United States v. Thomas*, 430 F.3d 274, 277 (6th Cir. 2005) ("'[K]nock and talk' consensual encounters as a legitimate investigative technique at the home of a suspect or an individual with information about an investigation."). Hall's subjective intent isn't dispositive. The evidence shows that Hall had a brief consensual conversation with Cindy-Lou in front of the property, which doesn't "*objectively* reveal[] a purpose to conduct a search." *Cf. Jardines*, 569 U.S. at 10 (emphasis added). Marion-Robert also contends that Hall obtained information when he entered the property, and he suggests that this information led Hall to issue the municipal citations. But the only information Hall obtained from Cindy-Lou was Marion-Robert's telephone number, and she provided it voluntarily. Furthermore, that limited information wasn't the basis of the municipal citations. Marion-Robert hasn't shown that, in entering his property and briefly speaking with Cindy-Lou, Hall did anything beyond what a private citizen might do.

Marion-Robert says that the property is protected by a federal land patent, and he suggests that this status turned Hall's entry into a constitutional violation. But a "land patent is equivalent to fee simple ownership," *Van Zelst v. Comm'r*, 100 F.3d 1259, 1261 (7th Cir. 1996), and I have already assumed that Marion-Robert owned the property. Apart from showing ownership of the property, Marion-Robert's evidence of a land patent doesn't support a Fourth Amendment claim. *See Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985)

6

("[T]he existence of title derived from a land patent [does not] raise[] a sufficient federal claim or issue upon which to base the jurisdiction of the district court.").

If Marion-Robert means to bring a Wisconsin-law trespass claim, that claim fails for similar reasons. It was not trespass for Hall to come to the house to speak to Cindy-Lou. *See, e.g.*, *Jardines*, 569 U.S. at 8 ("[I]mplicit license typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave."). The presence of no trespassing signs did not turn Hall's customarily lawful approach to the house into a trespass. *See e.g.*, *State v. Handeland*, 221 Wis. 2d 597, 586 N.W.2d 699 (Ct. App. 1998) ("The no trespassing sign, though perhaps relevant to a consideration of Handeland's subjective expectation of privacy in some portions of his property, does not by itself indicate that Handeland expected to exclude the public from access to the driveway area.").

ORDER

IT IS ORDERED that:

1. Defendant Darel Hall's motion for summary judgment, Dkt. 24, is GRANTED. Plaintiff Marion-Robert's Fourth Amendment claim against Hall is DISMISSED with prejudice.

2. Marion-Robert's motion to deny Hall's motion for summary judgment, Dkt. 39, is DENIED as unnecessary and moot.

3. The clerk of court is directed to enter judgment and send Marion-Robert copies of this order and the judgment.

Entered August 7, 2024.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge